UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEVEN FRUGHT ET AL. | CIVIL ACTION |
| VERSUS | NO. 07-5069 |
| STATE FARM FIRE & CASUALTY INSURANCE COMPANY | SECTION "K" (2) |

## ORDER ON MOTION

APPEARANCES: None (on the briefs)

MOTION: Plaintiffs' Third Motion to Compel and for Sanctions, Record Doc. No. 35

O R D E R E D:

 XXX : GRANTED IN PART AND DENIED IN PART, as provided herein. All of State Farm's objections are overruled, except the objection that confidential, proprietary or trade secret information may be included among the materials responsive to Requests for Production Nos. 3, 4 and 5. This discovery is highly relevant and clearly calculated to lead to the discovery of admissible evidence, particularly as to the credibility and allegedly bad faith actions of this adjuster. The requests are in no way vague or unduly burdensome.

Thus, the motion is granted as to Requests for Production Nos. 1, 3, 4, 5 and 6 in the set of production requests that are the subject of this motion. State Farm must provide new written responses to these requests clearly stating, without objection, either that all materials responsive to these requests are being produced or that it has no responsive materials within its possession, custody or control. As to materials produced in response to Requests Nos. 3, 4 and 5, the same protective order previously imposed in this case, Record Doc. No. 38, also applies to designated confidential, proprietary or trade secret information produced by State Farm in response to these requests.

The motion is denied as to Request No. 2. The current written response to this request is sufficient.

**IT IS FURTHER ORDERED** that State Farm must provide plaintiffs with all responsive materials required by this order, together with its new written responses, no later than **June 18, 2009**.

The motion is granted insofar as it seeks an award of attorneys fees and costs. Fed. R. Civ. P. 37(a)(5)(C) provides: "If the motion [to compel] is granted in part and denied in part, the court may . . . apportion the reasonable expenses for the motion." Defendant delayed until <u>after</u> the 30-day deadline for providing responses and <u>after</u> this motion was filed to provide responses. Defendant <u>never</u> filed a motion with the court requesting an extension of the deadline. When it filed its late responses, they contained objections that were largely meritless and responsive information that easily could have been asserted in a timely fashion. Under these circumstances, I find that a just apportionment of fees and costs incurred in connection with this motion is that State Farm must pay plaintiffs $600.00 to reimburse them for costs and expenses incurred in connection with this motion.

New Orleans, Louisiana, this 4th day of June, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE